**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH LODUCA,** | : | **Civil No. 4:23-CV-1444** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **THOMAS MCGINLEY, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

# MEMORANDUM ORDER

## I. Factual and Procedural Background

Joseph LoDuca is a prolific *pro se* petitioner who has filed multiple post-convictions motions, petitions and appeals in numerous state and federal courts. The sheer volume of these filings presents a challenge for courts in assessing LoDuca's claims, a challenge which is compounded by LoDuca's frequent reliance upon a stream of consciousness writing style which assumes a vast body of pre-existing knowledge on the part of the reader.

In this case LoDuca filed a petition seeking federal habeas corpus relief even though LoDuca's state court filings and appeals continued unabated even after LoDuca filed this petition in federal court. Given this active, ongoing state court litigation, we found it was beyond dispute that LoDuca has not yet fully exhausted his post-conviction claims in state court.

We also noted that this petition, which decried an alleged failure to promptly conduct a preliminary hearing on a state parole violation, did not present a matter of such constitutional dimension as to warrant habeas corpus relief. Further, we concluded that LoDuca was not entitled to choose his place of confinement. Finally, we noted that LoDuca may not pursue damages claim under the guise of a federal habeas corpus petition. Therefore, we denied this petition and dismissed this case.

LoDuca then filed what we construed as a motion for reconsideration, which simply re-argued the claims that we previously considered, and rejected. (Doc. 27). We denied this motion, (Doc. 28), but undeterred LoDuca filed yet another document in the nature of a motion to reconsider, along with a request for an evidentiary hearing. (Docs. 29, 30).

For the reasons set forth below, these motions are DENIED.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not

previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant

change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, LoDuca cites to no intervening change in the law or new evidence. Nor has he demonstrated the need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, he has not provided grounds for reconsideration of our prior decision, and this motion to reconsider (Doc. 29) is DENIED.

Likewise, LoDuca's request for a hearing (Doc. 30), is DENIED. In this regard, we note that it is well-settled that: "The ability of a federal district court to hold an evidentiary hearing in habeas review is limited under [28 U.S.C. § 2254]." Rolan v. Vaughn 445 F.3d 671, 680 (3d. Cir.2006). Thus, a district court should generally decline to hold an evidentiary hearing on a state prisoner habeas petition where the petitioner has had a full opportunity to develop a factual record in the course of state proceedings. Id. Instead, in such instances the district court should rely upon the factual record developed in the state proceedings since § 2254(e) expressly provides that the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. See 28 U.S.C. § 2254(e)(1). Moreover, in those instances where a full record has not been developed by the petitioner in state criminal proceedings, we are also cautioned to conduct evidentiary hearings sparingly. The circumstances in which a hearing may be permitted under § 2254(e) (2) are defined narrowly. In fact, in this regard 28 U.S.C. § 2254(e)(2) only provides for an

opportunity for a hearing, at the court's discretion, in the following, specifically enumerated situations:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.
>
> Rolan, 445 F.3d at 680, n. 3.

Since the scope of our review is typically limited to the state court trial record, see Mueses v. Sauer, No. 1:11-CV-442, 2011 WL 1298850, at *1–2 (M.D. Pa. Apr. 5, 2011), and LoDuca has not provided grounds for habeas relief or a hearing in this matter, this motion for an evidentiary hearing (Doc. 30) is DENIED

## III. Order

Accordingly, for the foregoing reasons, upon consideration of this motion to reconsider and request for a hearing (Docs. 29, 30), these motions are DENIED, and since the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253 (c)(2); see also Buck v. Davis, 137 S. Ct. 773-

75 (2017); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000) a certificate of appealability will not issue.

So ordered this 21st day of June 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge